Crosby S. Connolly, Esq. (SBN: 286650)
crosby@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**HYDE & SWIGART**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Office Number:          (619) 233-7770
Office Fax Number:      (619) 297-1022

*Attorneys for Plaintiff,*
Jessica Feinsmith

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jessica Feinsmith, <br><br> Plaintiff, <br><br> v. <br><br> American Express Bank, FSB; and Michael & Associates, PC, <br><br> Defendants. | Case No: _____ <br><br> **Complaint For Damages** <br><br> **Jury Trial Demanded** |

## INTRODUCTION

1.  Jessica Feinsmith, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of American Express Bank FSB, ("American Express") and Michael & Associates, PC ("Michael & Associates), collectively ("Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

5. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such specific violation.

6. Through this complaint, Plaintiff does not allege that any state court judgment was entered against Plaintiff in error, and Plaintiff does not seek to reverse or modify any judgment of any state court.

**JURISDICTION AND VENUE**

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

8. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

9. Plaintiff is a natural person who resides in the City of Alameda, County of Alameda, State of California.

10. Plaintiff resides in Alameda, as defined by 28 U.S.C. § 1391c(1), the judicial district in which this lawsuit is brought.

11. At the time of the substantial part of the events or omissions giving rise to the claim occurred, Plaintiff was physically located in the City of Alameda, County of Alameda, State of California.

12. Because a substantial part of the events or omissions giving rise to the claim occurred in Alameda, venue is proper pursuant to 28 U.S.C. § 1391b(2).

13. At all times relevant, Defendants conducted business within the State of California.

**PARTIES**

14. Plaintiff is a natural person who resides in the City of Alameda, State of California.

15. American Express is located in the City of New York, in the State of New York.

16. Michael & Associates is located in the City of Thousand Oaks, in the state of California.

17. Plaintiff is a natural person allegedly obligated to pay a debt, and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3).

18. Defendants are persons who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

19. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a debtor as that term is defined by California Civil Code § 1788.2(h).

20. Defendants, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

21. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer

credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

### FACTUAL ALLEGATIONS

22. Sometime before November 14, 2012, Plaintiff is alleged to have incurred certain financial obligations with American Express.

23. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

24. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

25. Sometime thereafter, but before November 14, 2012, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. As it is irrelevant to this action, Plaintiff currently takes no position as to the validity of this alleged debt.

26. Subsequently, but before November 14, 2012, the alleged debt was assigned, placed, or otherwise transferred, to Hollins Law, A California law firm. On November 14, 2012, The Hollins Law, acting on behalf of American Express, filed a state court lawsuit against Plaintiff in the Superior Court of California, County of Alameda, Case No. RG12656466.

27. On or about July 15, 2013, the parties agreed upon a settlement.

28. The parties agreed to settle for a total balance of $8.500.00. The Parties agreed that Plaintiff would make the first payment in the amount of $3,000.00 to American Express on or before May 27, 2013. The parties further agreed that Plaintiff would make subsequent payments of at least

1  $239.13, due on or before the 20th of each month, commencing on June 20,

2  2013 until the balance of $8,500.00 had been reached.

3  29. To date, Plaintiff has made all payments as agreed upon under the settlement.

4  30. Despite Plaintiff making timely payments to American Express per the terms

5  of the parties July 15, 2013 settlement, American Express subsequently

6  retained Michael & Associates to further collect this now settled debt.

7  31. Specifically, on or about October 14, 2014, Michael & Associates sent

8  Plaintiff a collection letter on behalf of American Express. This letter stated

9  that Plaintiff owed a "balance due" of $9,036.08.

10  32. Despite this claim by Defendants, Plaintiff does not owe "$9,036.08," for this

11  alleged debt, as Plaintiff already agreed to settle this debt with American

12  Express on July 15, 2013 for $8,500.00.

13  33. Without the prior consent of the consumer given directly to the Defendants or

14  the express permission of a court of competent jurisdiction, Defendants

15  communicated with the consumer in connection with the collection of a debt

16  when Defendants knew the consumer was represented by an attorney with

17  respect to such debt and had knowledge of, or could have readily ascertained

18  such attorney's name and address. Consequently, Defendants' violated 15

19  U.S.C. § 1692c(a)(2).

20  34. Through this conduct, Defendants' engaged in conduct the natural

21  consequence of which was to harass, oppress, or abuse a person in connection

22  with the collection of a debt. Consequently, Defendants' violated 15 U.S.C. §

23  1692d.

24  35. Through this conduct, Defendants' used a false, deceptive, or misleading

25  representation or means in connection with the collection of a debt.

26  Consequently, Defendants' violated 15 U.S.C. § 1692e and 15 U.S.C. §

27  1692e(10).

28

HYDE & SWIGART
Consumer Protection Attorneys

36. Through this conduct, Defendants made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendants' violated 15 U.S.C. § 1692e(2)(A).

37. Through this conduct, Defendants used false representations or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer. Consequently, Defendants' violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

38. Through this conduct, Defendants used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendants' violated 15 U.S.C. § 1692f.

39. Through this conduct, Defendants were collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendants' violated 15 U.S.C. § 1692f(1).

40. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

**CAUSES OF ACTION**

**COUNT I**

**FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

**15 U.S.C. §§ 1692 ET SEQ.**

**(AS TO MICHAEL & ASSOCIATES ONLY)**

41. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

42. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

43. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)
### CAL. CIV. CODE §§ 1788-1788.32

44. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

45. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

46. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

1 • An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code

2 § 1788.30(b);

3 • An award of costs of litigation and reasonable attorney's fees, pursuant

4 to Cal. Civ. Code § 1788.30(c).

5

6 47. Pursuant to the seventh amendment to the Constitution of the United States of

7 America, Plaintiff is entitled to, and demands, a trial by jury.

8

9 Respectfully submitted,

10 **Hyde & Swigart**

11

12 Date: February 18, 2015 By:s/ Crosby S. Connolly

13 Crosby S. Connolly

Attorneys for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28